**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CHAZ R.,**[1]

    **Plaintiff,**

    **v.**                                **Civil Case No. 3:24cv841**

**FRANK BISIGNANO,**[2]
*Commissioner of the
Social Security Administration,*

    **Defendant.**

**<u>FINAL MEMORANDUM ORDER</u>**

In this action, Plaintiff Chaz R. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's ("Commissioner") decision to deny his application for benefits. This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 13.) On February 3, 2026, Magistrate Judge Summer L. Speight entered the Report and Recommendation (the "R&R"). (ECF No. 12.)

Plaintiff raises one objection to the reasoning of the Administrative Law Judge ("ALJ"), and by extension the Magistrate Judge's decision that adopted the ALJ's findings. Plaintiff objects that the ALJ failed to properly explain her decision finding consultative examiner Dr. Alexandria Marino's opinion unpersuasive. (ECF No. 13, at 2–3.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Acting Commissioner as Defendant in this Action.

The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, (ECF No. 8), grant the Commissioner's Motion for Summary Judgment, (ECF No. 10), and affirm the decision of the ALJ. (ECF No. 12, at 17.) After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. For the reasons articulated below, the Court concludes that Plaintiff's Objection lacks merit and therefore DENIES Plaintiff's Motion for Summary Judgment, (ECF No. 8), GRANTS the Commissioner's Motion for Summary Judgment, (ECF No. 10), and ADOPTS the Report and Recommendation, (ECF No. 12), as the opinion of the Court.

## I. Procedural History

On February 14, 2025, Plaintiff filed his Motion for Summary Judgment. (ECF No. 8.) On March 17, 2025, the Commissioner filed his Motion for Summary Judgment. (ECF No. 10.) On March 31, 2025, Plaintiff replied. (ECF No. 11.) On February 3, 2026, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's Motion for Summary Judgment. (ECF No. 12.) On February 17, 2026, Plaintiff filed his Objection. (ECF No. 13.) On March 20, 2026, the Commissioner filed a response. (ECF No. 14.)

## II. Standard of Review

### A.   Appellate Standard of Review

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both [28 U.S.C.] § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the

2

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quotation omitted). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### B.    Determination of Eligibility for Benefits

The determination of eligibility for social security benefits involves a five-step inquiry. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520. In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; [and,] at step three, whether the medical impairments meet or equal an impairment listed in the regulations." *Mascio*, 780 F.3d at 634. "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(a)(1)).

3

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). "The [Social Security] Administration has specified the manner in which an ALJ should assess a claimant's RFC." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). A claimant's RFC assessment considers his or her capacity to perform sustained physical and mental activities on a regular and continuous basis, in spite of his or her limitations. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996) (policy interpretation for assessing RFC). To formulate the RFC, "[t]he ALJ must consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect the claimant's ability to work." *Thomas*, 916 F.3d at 311 (internal quotation marks and alterations omitted). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311.

After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior work experience—can do any other work that 'exists in significant numbers in the national

4

economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

### III. Analysis

**A.    The Court Overrules Plaintiff's Objection Because the Magistrate Judge Appropriately Determined that the Record Provided Substantial Evidence Supporting the ALJ's Finding that Dr. Marino's Opinion Was Not Persuasive**

Plaintiff objects that the Magistrate Judge incorrectly concluded that the ALJ applied the correct legal standards and supported her findings with substantial evidence in concluding that Dr. Marino's opinion was unpersuasive. (ECF No. 13, at 2–3.) The Court OVERRULES Plaintiff's Objection to the R&R.

An ALJ evaluates the persuasiveness of medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) "other factors that tend to support or contradict a medical opinion[,]" including "familiarity with the other evidence" or "understanding of the [Social Security Administration] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5). Supportability and consistency are the "most important factors," and an ALJ must discuss how he or she considered those factors. § 404.1520c(b)(2). The relevant regulations define supportability and consistency as follows:

> (1) Supportability.   The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 404.1520c(c)(1)–(2).  An ALJ may, but is not required to, explain how he or she evaluated the other three factors.  *Id.* § 404.1520c(b)(2).

Dr. Marino examined Plaintiff in March of 2024.  (Administrative Record ("AR"), at 25, 1932–38.)  Based on her examination, Dr. Marino opined that Plaintiff:

> could sit without limitation.  He could stand for one hour in an eight-hour day, and he could walk for 30 minutes.  He needed a cane to walk long distances and over uneven terrain.  He could lift and carry 30 pounds occasionally and 15 pounds frequently.  He could not bend, stoop, crouch, or squat.

(AR, at 28; *see also* AR, at 25, 1932–38.)

The ALJ found Dr. Marino's opinion to be "generally supported by her examination notes."  (AR, at 28.)  But she ultimately "d[id] not find it persuasive" because it "conflict[ed] with the evidence as a whole."  (AR, at 28.)  In particular, the ALJ found that Dr. Marino's opinion was "not consistent with the evidence, which demonstrate[d] that [Plaintiff] was not as limited in standing, walking, bending, stopping, crouching, or squatting as Dr. Marino found."  (AR, at 28.)

Plaintiff objects that the Magistrate Judge erred in finding that the ALJ appropriately explained her conclusion that Dr. Marino's opinion was not persuasive.  (ECF No. 13, at 2.)  More specifically, Plaintiff objects to the Magistrate Judge's determination that the ALJ appropriately explained, as required by § 404.1520c(b)(2), why she found Dr. Marino's opinion inconsistent with the record evidence, and thus ultimately unpersuasive, despite also finding it supported.  (ECF No. 13, at 2.)

The Magistrate Judge appropriately determined that "the ALJ properly discussed the two

6

most important factors of consistency and supportability and explained why she found Dr. Marino's opinion unpersuasive." (ECF No. 12, at 14.) The Magistrate Judge correctly explained that the ALJ's decision summarized the record and "identified evidence she considered in rejecting greater restrictions on Plaintiff's ability to stand, walk, or perform postural tasks" than the restrictions identified by Dr. Marino. (ECF No. 12, at 15–16 (citing AR, at 24–27).) For example, in finding that Plaintiff had a greater ability to stand and walk than as opined by Dr. Marino, the ALJ found that other examinations generally showed normal strength and sensation in Plaintiff's lower extremities, and "providers did not indicate that he had trouble sitting or [that he] appeared fatigued during examinations." (AR, at 26.) Additionally, as to Plaintiff's ability to engage in postural tasks, the ALJ explained that Plaintiff's ability to complete some daily tasks, like prepare simple meals, drive, shop, and mow the lawn "required him to attain a variety of postures, suggesting that he could climb, balance, stop, kneel, crouch, and crawl occasionally."[3] (AR, at 27.)

---

[3] Plaintiff also argues the evidence the Magistrate Judge cited in support of the ALJ's finding that Dr. Marino's opinion was inconsistent with the record and therefore unpersuasive "contradicted the ALJ's [RFC]." (ECF No. 13, at 3.)

The RFC limited Plaintiff to "light work," to "stand[ing] and/or walk[ing] for four hours in an eight-hour day," and "occasional[]" postural activities, such as "climb[ing], balanc[ing], stoop[ing], kneel[ing], crouch[ing], and crawl[ing]." (AR, at 23.) Plaintiff argues that "it is unclear how the ALJ's recitation of 'normal' exam findings is enough to discredit Dr. Marino's more disabling physical limitations, but is sufficient and consistent with the ALJ's very restrictive" RFC. (ECF No. 13, at 4.)

There evidence in the record supports *both* the ALJ's determination that Dr. Marino's opinion was not persuasive *and* that Plaintiff should be limited to light work and occasional postural activities. That is, while there was some evidence indicating that Plaintiff needed to be restricted to light work, (*see, e.g.*, AR, at 26–27 (noting that Plaintiff's physical examinations "often reveal[ed] tenderness in the lumbar region" and that he occasionally "demonstrated a reduced lumbar range of motion or gait abnormalities" or "had slightly limited strength or sensation in the lower extremities")), other evidence, as discussed above, supported the ALJ's determination that Dr. Marino's opinion was inconsistent with the rest of the evidence and

7

The Magistrate Judge appropriately concluded that, "[r]eading the ALJ's decision as a whole, the ALJ's analysis of Plaintiff's standing, walking, and postural limitations provided substantial evidence supporting her finding that Dr. Marino's opinion was not consistent with the record and therefore unpersuasive." (ECF No. 12, at 17.)

The Court OVERRULES Plaintiff's Objection to the R&R.

### IV.  Conclusion

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision.  The Court ORDERS that:

(1) Plaintiff's Objection to the R&R, (ECF No. 13), is OVERRULED;

(2) The R&R, (ECF No. 12), is ADOPTED on the basis of the reasoning in the R&R;

(3) Plaintiff's Motion for Summary Judgment, (ECF No. 8), is DENIED;

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 10), is GRANTED; and,

(5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 3/27/26                                      /s/
Richmond, Virginia                         M. Hannah Lauck
                                                         Chief United States District Judge

---

his ability to complete daily tasks "required him to attain a variety of postures, suggesting that he could climb, balance, stop, kneel, crouch, and crawl occasionally").)  In the end, the ALJ adopted an RFC consistent with three other experts' opinions that Plaintiff could stand or walk for four or six hours per day and occasionally engage in postural activities, (AR, at 26–28).

Substantial evidence supports the ALJ's decision, including the limitations in the RFC and her finding that Dr. Marino's opinion was more restrictive than the rest of the evidence in the record and therefore unpersuasive.  Plaintiff effectively asks this Court to re-weigh the record evidence, which it cannot and will not do. *See Craig*, 76 F.3d at 589.

8